IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RONALD E. WOOTEN, | ) | |
| Plaintiff, | ) | Civil Action No. 7:05CV00568 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| GENE JOHNSON, et al., | ) | By: Hon. Glen E. Conrad |
| Defendants. | ) | United States District Judge |

Ronald E. Wooten, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. The named defendants are Gene Johnson, the Director of the Virginia Department of Corrections; Al Hollar, the Warden of Pulaski Correctional Center; and Richard Manning, a correctional officer at Pulaski. The plaintiff alleges that the defendants acted with deliberate indifference to his safety. The case is presently before the court on the defendants' motion for summary judgment. For the reasons set forth below, the motion will be granted.

### Factual and Procedural Backgound

The plaintiff is presently incarcerated at Cold Springs Work Center in Greenville, Virginia. The events pertaining to this action occurred while the plaintiff was incarcerated at Pulaski. In his original complaint, the plaintiff alleged that while working with Correctional Officer Manning on December 8, 2004, he was struck in the head with a piece of lumber. According to the plaintiff, "[n]o safety equipment was ever issued." The plaintiff alleged that the incident caused a dent in his head, a slight concussion, a neck sprain, muscle spasms, and headaches.

The original complaint was conditionally filed on September 30, 2005. In the conditional filing order, the plaintiff was directed to provide more specific information as to how Gene Johnson and Al Hollar had violated his constitutional rights. The plaintiff was also directed to provide additional details about the incident at issue.

Case 7:05-cv-00568-GEC-mfu    Document 32    Filed 03/31/06    Page 1 of 6    Pageid#: 137

The plaintiff filed a response to the conditional filing order on October 20, 2005. In his response, the plaintiff explained as follows:

> On 12-08-04, I was working on my assigned job (grounds and maintenance) with Officer R. Manning. We were putting post in the ground for a new sign for Pulaski Correctional Center. These posts were 15' feet high. We had set one post and was setting the other one when Officer Manning said, "Let's see if they are the same height."
>
> Because we had to dig two separate holes, one of which was on a small slope, he used a 2x4 and a level to check the height with. At the time- we still only had one post set into the ground, the other one was in it's hole being held by Officer Manning and another inmate who was standing in the back of a truck holding the post - while another inmate who standing [sic] on the back of the work truck also checking to see if the 2x4 was level.
>
> Once they reached a leveled point, Officer Manning asked me to check the width of both post. (6 ft)
>
> While I was checking the width- Officer Manning shifted the post that he was holding and the 2x4 came down and struck me in the head knocking me out for a moment....

Additionally, the plaintiff stated that Gene Johnson is a "responsible party" because he maintains authority over the prison, and because he is responsible for ensuring that safety procedures are followed. The plaintiff stated that Al Hollar is a "responsible party" because he should have made sure that safety procedures were followed and that safety equipment was issued.

The defendants filed a motion for summary judgment on January 31, 2006. In their accompanying memorandum, the defendants explained that institutional policy requires staff members and inmates to use proper safety equipment while working in the field. The defendants argued that such policy was in place at the time of the incident, and that hard hats were available for the plaintiff to use. The defendants also explained that neither Johnson nor Hollar was present at the time the plaintiff was injured.

2

The plaintiff filed a response to the defendants' motion on March 27, 2006. The plaintiff again emphasized that he was not issued proper safety equipment. The plaintiff alleged that when he previously asked Correctional Officer Manning for a safety helmet, Manning told him "that he did not have to wear one and that D.O.T. only issued safety helmets to 'road workers.'"

## Standard of Review

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is properly granted if "there is no genuine issue as to any material fact and the … moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). For a party's evidence to raise a genuine issue of material fact to avoid summary judgment, it must be "such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether to grant a motion for summary judgment, the court must view the record in the light most favorable to the non-moving party. Terry's Floor Fashions, Inc. v. Burlington Indust., Inc., 763 F.2d 604, 610 (4th Cir. 1985).

## Discussion

In order to state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a result of conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Prison officials may violate the Eighth Amendment to the United States Constitution if they are deliberately indifferent to an inmate's safety. See Young v. City of Mt. Ranier, 238 F.3d 567, 575 (4th Cir. 2001) (explaining that the deliberate indifference standard for claims alleging inadequate medical care is also applicable when prison officials fail to protect inmates from other sources of harm). However, such a claim "requires a showing that the [officials] actually knew of and disregarded a substantial risk of serious injury to the [inmate]...." Id. at 575-

3

576. The United States Supreme Court has made clear that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." Wilson v. Seiter, 501 U.S. 294, 297 (1994). Mere negligence is insufficient. See Daniels v. Williams, 474 U.S. 327, 336 (1986); Young, 238 F.3d at 575.

A. Defendants Johnson and Hollar

As previously stated, the plaintiff contends that Johnson and Hollar are liable for his injuries, because they maintain authority over the prison, and since they are responsible for making sure that safety procedures are followed. However, in order to establish supervisory liability under § 1983, the plaintiff must show the following three elements: (1) that the supervisor had actual or constructive knowledge of a "'pervasive and unreasonable'" risk of harm; (2) that the supervisor responded with deliberate indifference or tacitly authorized the offensive conduct; and (3) "that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994). Having reviewed the record, the court agrees with the defendants that the plaintiff's claim against Johnson and Hollar fails at the first element. Neither Johnson nor Hollar was present at the time the plaintiff was injured, and there is no evidence of a pattern of safety violations, or prior similar incidents, which would have placed Johnson and Hollar on notice of a risk of harm. See Id. ("Establishing a 'pervasive' and 'unreasonable' risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm."). Accordingly, the court concludes that Johnson and Hollar are entitled to summary judgment.

B. Defendant Manning

As previously stated, Manning was the correctional officer present at the time the plaintiff was injured. The plaintiff does not allege that Manning intentionally caused the piece of lumber to fall on the plaintiff's head. Instead, the plaintiff alleges that Manning acted with deliberate indifference by failing to provide appropriate safety equipment, since the equipment could have prevented his injuries. However, the plaintiff has not offered evidence to show that Manning acted with the requisite state of mind. "To convert conduct that does not even purport to be punishment into 'cruel and unusual punishment,' defendants must demonstrate more than ordinary lack of due care for the prisoner's interests or safety." Arnold v. South Carolina Dept. of Corrections, 843 F. Supp. 110, 113 (D. S.C. 1994). Having reviewed the record and relevant case law, the court concludes that Manning, at most, acted negligently in failing to provide appropriate safety equipment, and such negligence is insufficient to state a claim under § 1983.* See Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1995) (holding that a correctional officer was, at most, negligent when he ordered an inmate to use an unsafe ladder); Bibbs v. Armentrout, 943 F.2d 26, 27 (8th Cir. 1991) (holding that an inmate essentially complained of negligence, where the inmate alleged that he lost portions of two fingers in the gears of an "inker," after prison officials ignored the fact that guards covering the gears had been removed); Arnold, 843 F. Supp. at 113 (holding that an inmate's evidence was, at best, sufficient to go forward on a claim for negligence, where the inmate was severely burned by a malfunctioning steam pot, and the inmate alleged that his kitchen supervisors were aware of the pot's faulty condition). Accordingly, the court concludes that Correctional Officer Manning is also entitled to summary judgment.

---

*To the extent that the plaintiff's complaint could be construed to allege a state tort action, the court notes that there is no independent basis for the exercise of this court's jurisdiction.

5

## Conclusion

For the reasons stated, the court will grant the defendants' motion for summary judgment. The Clerk is directed to send certified copies of this opinion and the accompanying order to the plaintiff and counsel of record for the defendants.

ENTER: This 31st day of March, 2006.

_____
United States District Judge